# District Court of the Navajo Nation

Judicial District of Crownpoint, New Mexico

---

**C.M., as guardian and next friend of**
**K.A.M, a minor,**
**A.N., as guardian and next friend of**
**A.L.J., a minor, Plaintiffs,**
**v.**
**Bill Wright, Defendant.**
**Decided January 27, 1999**

---

## OPINION AND ORDER

Judge Loretta Morris presiding.

This is a case in which a school teacher is being sued in his individual capacity for alleged wrongful activities involving students. All well-pleaded facts are deemed to be true for the purpose of resolving a motion to join the Unites States of America as a "necessary" party.

The motion is governed by Rule 19 of the Navajo Rules of Civil Procedure (Nav.R.Civ.P.). This rule requires the joinder of a party in a pending action, "if feasible," where complete relief cannot be given to those who are already parties or a party claims that he or she has an interest relating to the action and the lack of joinder will impair or impede the ability to protect that interest or the failure to join will subject a party of a "substantial risk of multiple or inconsistent liability." Nav. R. Civ. P. 19(a). Nav. R. Civ. P. 19(b) is clear that "joinder must be feasible," and the joinder must not deprive this court of subject matter jurisdiction and the person to be joined must be subject to service of process.

The United States of America, as it is with the Navajo Nation, has sovereign immunity. The United States Congress decides when the United States can be joined as a party in remedial statutes such as the Federal Tort Claims Act, the Tucker Act or the Indian Tucker Act, as three leading examples. Those statutes provide for a federal forum. In addition, it is not clear whether the United States can be summoned to appear in our courts.

This is an action against a school teacher for conduct which is allegedly within the scope of his authority. However, the action is based on individual conduct which is not sanctioned by the employer. In such a situation, there is no claim over against the United States, and the defendant must be left to his separate cause of action in a federal forum, if there is such a case. Any liability of the United States would be based upon the Federal Tort Claims Act, and 28 U.S.C. Sec. 2680(h) clearly excludes actions which arise out of assault or battery.

While it may have been a slip of the plaintiffs' pen to allege that the actions

done by the defendant were within the scope of his authority, given the factual allegations of the complaint, there is no reason, under our Rule 19, Nav. R. Civ. P., to join the United States. This is clearly a suit against an individual for actions allegedly committed against the plaintiff children and not one where a federal official is being sued for conduct which is purportedly within his or her discretion.

Accordingly, the motion to join the United States of America as a party is hereby DENIED.